UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLYANN McKENZIE,

               Plaintiff,

-against-                                                                     23-CV-5251 (LTS)

PAUL GUERRINO,                                                      ORDER OF DISMISSAL

               Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking federal question jurisdiction, and alleging that Defendant violated her "right to proper medical treatment." (ECF 1, at 2.) By order dated June 22, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff, who resides in Queens County, New York, brings this action against Paul Guerrino, a dentist with a practice located in Mount Vernon, Westchester County, New York. Plaintiff seeks money damages for harm allegedly caused by Defendant's dental assistant.

The following information is taken from the complaint. On July 2, 2021, Plaintiff took her daughter to Defendant's dental practice for a routine cleaning. Plaintiff, who had sustained an infection on her finger from a nail salon, had had surgery two days before and "had packing stuck in [her] finger per instructions from her physician to ensure proper healing." (ECF 1, at 6.)[1]

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

While Plaintiff was in the waiting area of the dental office, she "began feeling uneasy, almost as if she wanted to pass out"; she "inferred [that] the feeling stemmed from the wet dressing." (*Id*. at 7.) Plaintiff asked the dental assistant at the office if she could assist her with removing the dressing and part of the packing. The dental assistant helped Plaintiff to remove the dressing, but an "extra string [of] packing also needed to be removed." (*Id*. at 8.) Plaintiff asked the dental assistant "to cut midway so that [the] string/cotton that connected packing could be removed by [a] physician at Montefiore Hospital." (*Id*.) The dental assistant, however, "covered part of [the] string where she was going to cut and intentionally cut packing at the edge of [Plaintiff's] finger so that packing could not be removed. (*Id*.) Plaintiff asserts that she "was appalled and shocked and could not understand why Defendant would intentionally try to harm her." (*Id*.)

Plaintiff went to Montefiore Hospital, hoping that a doctor could still remove packing from her finger. At the hospital, a doctor performed a second surgery in an attempt to remove packing. The surgery was unsuccessful, "caus[ing] nerve damage as [the] surgeon used a tool (scissor) to open [the] wound while [the] finger was numbed by an anesthetic to search for packing." (*Id*. at 9.) Plaintiff later had an MRI done, which "showed [the] presence of a foreign object in her finger which was packing." (*Id*.) A doctor at the hospital directed Plaintiff "to leave the finger as another surgery may do more harm than good." (*Id*.)

Plaintiff brings this action asserting that she "suffered psychological damage [and] aggravation of her bi-polar 2 condition, nerve damage in her finger from 2nd surgical procedure w/ anesthesia to remove packing." (*Id*. at 6.) She seeks $300,000 in damages from Defendant for the dental assistant's actions.

## DISCUSSION

A.    **Right to Medical Care**

Plaintiff invokes the Court's federal question jurisdiction, asserting that Defendant's dental assistant failed to provide her proper medical care while assisting her in removing the dressing on her injured finger. Plaintiff does not specify a federal cause of action, nor can the Court identify a viable federal claim arising from her assertions. There is no general right to medical care, particularly by a private entity such as the defendant in this action.[2] A right to medical care by government authorities has been found only where there is a special custodial or other relationship between the person and the state. *See Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1035 (11th Cir. 1987); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197-200 (1989); *Henry v. New York City Hosp. & Health Corp.*, No. 00-CV-2537 (JSM) (AJP), 2000 WL 858345, at * 1 (S.D.N.Y. June 28, 2000). Plaintiff does not have a general right to medical care, and she fails to allege facts suggesting that Defendant and his employees are state actors, and that there is a special custodial or other relationship between herself and Defendant giving rise to a right to medical care. Plaintiff's complaint arising out of the removal of dressing from her injured finger, to the extent that it is brought pursuant to federal

---

[2] 42 U.S.C. § 1983 provides a vehicle for redress of a deprivation of federally protected rights by persons acting under color of state law. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988). Private parties are generally not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Guerrino is a private person who is not alleged to have been working for any state or other government body, and Plaintiff does not allege facts suggesting that this individual's or his employee's actions could be "fairly attributable" to the state, this defendant is not subject to liability under Section 1983. *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).

law, must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction."[3] 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

---

[3] Plaintiff does not allege any facts suggesting that her claim falls under the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332. She alleges that both she and Defendant are citizens of New York, precluding diversity jurisdiction. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated: October 27, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge